IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS STEWART, # 16964-043                                                      PETITIONER

VS.                                                       CIVIL ACTION NO. 3:23-cv-21-DPJ-FKB

COLETTE PETERS, DIRECTOR
OF THE BUREAU OF PRISONS
AND UNITED STATES OF
AMERICA                                                                          RESPONDENTS

## REPORT AND RECOMMENDATION

Before the Court is the Petition for Writ of Habeas Corpus filed by Marcus Stewart pursuant to 28 U.S.C. § 2241. Stewart is proceeding *pro se*. Respondents Colette Peters and the United States of America have filed a Motion to Dismiss [9], to which Stewart has failed to respond. For the reasons explained below, the undersigned recommends that the motion to dismiss be granted and that this action be dismissed.

In June 2013, Stewart entered a guilty plea to conspiracy to possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base. *United States v. Stewart*, No. 3:12-cr-136-DPJ-FKB, Min. Entry (6/25/2013). Thereafter, the Court sentenced Stewart to a 130-month term of incarceration, to be followed by a four-year term of supervised release. *Id.* at J. [87]. In November 2015, the Court further reduced Stewart's term of imprisonment to 103 months pursuant to a retroactive reduction in the sentencing guideline range. *Id.* at Order [102]. Petitioner was released from custody on May 19, 2020 and began serving his four-year term of supervised release. *Id.* at Mot. [113]. He filed this action on January 10, 2023, arguing that the Bureau of Prisons ("BOP") failed to credit his sentence properly under the First Step Act ("FSA") prior to his release, therefore the time credits

he earned while in prison should be applied to his term of supervised release. [1] at 6-7; *see also* First Step Act, § 101(a), 132 Stat. at 5195; 18 U.S.C. § 3632(a).

After he filed this petition, Petitioner sought early termination of his supervised release by filing a motion pursuant to 18 U.S.C. § 3583(e)(1) in his criminal case. *See Stewart*, No. 3:12-cr-136-DPJ-FKB at Mot. [113]. Counsel argued that Stewart's term should be reduced because he has paid all fines and assessments, and he has conducted himself in a lawful manner, in accordance with his supervised release. *Id.* at 2. Counsel did not re-urge the arguments that Stewart makes in his current § 2241 petition. While the Court commended Stewart for "paying the fine and otherwise complying with the terms of his supervised release," it found that he had failed to show "changed circumstances justifying early termination." *Id.* at [116] at 2. Accordingly, the Court denied relief. *Id.*

In the motion to dismiss, Respondents argue, *inter alia*, that Petitioner's earned time credits cannot be applied to his period of supervision. The undersigned agrees and, moreover, this Court recently denied relief in a similar case. *See United States v. Calhoun*, No. 3:08-CR-77-DPJ-LGI, 2023 WL 7930053 (S.D. Miss. Nov. 16, 2023). In *Calhoun*, a criminal defendant requested an end to his term of supervised release based on credits he earned during his incarceration, but which were not credited to his term of imprisonment because he was released early. *Id.* at *1. Construing the movant's request as a § 2241 petition, the Court excused the exhaustion requirement based on the "unique circumstances" of the case and addressed the merits. *Id.* at *2. Surveying cases, the Court found that the vast majority of courts facing this question have denied relief. *Id.* at *2-*3; *compare United States v. Calabrese,* No. 1:11-CR-00437, 2023 WL 1969753 (N.D. Ohio Feb. 13, 2023)(denying request to apply FSA time credits

2

to reduce term of supervised relief) *with Dyer v. Fulgam*, No. 1:21-cv-299-CLC-CHS, 2022 WL 1598249 (E.D. Tenn. May 20, 2022) (granting § 2241 petition requesting application of unused earned-time credits to term of supervised release).[1] The Court concluded that *Dyer*'s interpretation of the FSA "has gained almost no traction and has been expressly rejected by nearly every court to consider it." *Calhoun*, 2023 WL 7930053, at *2. Thus, the Court concluded that the FSA "'allows a prisoner to either complete the service of their sentence in prerelease custody or complete their term of supervised release at an earlier date[,]'" however, the statute "'does not allow a prisoner to reduce the imposed length of supervised release.'" *Id.* at *3 (quoting *Calabrese*, 2023 WL 1969753, at *2).

In this § 2241 petition, Stewart admits that he has not exhausted his administrative remedies. [1] at 2. More importantly, he makes arguments like those rejected by this Court in *Calhoun* and the court in *Calabrese*. Accordingly, even if the BOP failed to properly apply Stewart's earned-time credits to his sentence before he was released from prison, the FSA does not allow the earned-time credits to be applied to his term of supervised release.

For these reasons, the undersigned recommends that Stewart's petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

---

[1] The Court observes that the respondent's appeal was dismissed as moot on June 8, 2023 upon joint motion of the parties because the sentencing court granted Dyer's § 3583 motion for early termination of supervised release on April 12, 2023. *See United States v. Dyer*, No. 1:17-CR-53-TRM-SKL (E.D. Tenn. Apr. 12, 2023), Order [143].

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of December, 2023.

/s/ F. Keith Ball                             .
UNITED STATES MAGISTRATE JUDGE