UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS STEWART                                                                                   PETITIONER

V.                                                                    CIVIL ACTION NO. 3:23-CV-21-DPJ-FKB

COLETTE PETERS, DIRECTOR OF THE BUREAU
OF PRISONS, AND UNITED STATES OF AMERICA                                         RESPONDENTS

ORDER

Following a 2013 guilty plea, the Court sentenced to Marcus Stewart to a 130-month term of incarceration, to be followed by a four-year term of supervised released. *United States v. Stewart*, No. 3:12-CR-136-DPJ-FKB, J. [87].  In 2015, the Court reduced Stewart's term of imprisonment to 103 months.  *Id.*, Order [102].  Stewart was released from custody in May 2020 and is currently serving his term of supervised release.  He filed this petition for writ of habeas corpus, arguing the Bureau of Prisons failed to credit his sentence properly under the First Step Act prior to his release, and therefore the time credits he earned while in prison should be applied to his term of supervised release.  Pet. [1] at 6–7.[1]

Respondents moved to dismiss the petition [9], arguing that the earned-time credits cannot be applied to Stewart's period of supervision.   Stewart did not respond, and United States Magistrate Judge F. Keith Ball recommended granting the motion to dismiss.  R&R [11].  The Report and Recommendation issued on December 4, 2023, and Stewart had fourteen days to object.  Fed. R. Civ. P. 72(b)(2); *see* R&R [11] at 3–4 (advising Petitioner of deadline).  Stewart did not object.

---

[1] Stewart also sought early termination of his supervised release in his criminal case.  The Court denied relief.  *Stewart*, No. 3:12-CR-136-DPJ-FKB, Order [116].

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). Finding no clear error, the Court accepts Judge Ball's well-reasoned recommendation.

Accordingly, the Report and Recommendation [11] is adopted as the opinion of the Court; Respondents' motion to dismiss [9] is granted. The petition is dismissed. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 21st day of December, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE